**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSE JAVIER MOLINA VARGAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:26-cv-1151 |
| | ) | |
| LEONARD ODDO *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION AND ORDER**

Presently pending before this Court is Petitioner Jose Javier Molina Vargas's second[1] Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Petition").  Petitioner points to *Zadvydas v. Davis*, 533 U.S. 678 (2001), and seeks immediate release or an individualized bond hearing at which the Government would bear the burden to justify detention by clear and convincing evidence.  The Petition will be denied.

I.    INTRODUCTION

Petitioner is a native and citizen of Venezuela who was detained in Texas upon entering the United States on August 28, 2023.  After demonstrating a credible fear of persecution by contending he was tortured by the Maduro regime, he was released on November 7, 2023, and then he relocated to Long Island, New York. Immigration and Customs Enforcement ("ICE") took Petitioner into custody in August 2025.

On November 6, 2025, an Immigration Judge found Petitioner inadmissible, denied asylum, and ordered removal to Venezuela but withheld removal based on his past persecution

---

[1]    Petitioner filed his first habeas petition on February 9, 2026.  *Molina-Vargas v. Oddo*, No. 3:26-cv-00164-WSS (W.D. Pa.).  Judge Stickman of this Court denied Petitioner's Motion for Temporary Restraining Order and subsequently dismissed the petition, too. Petitioner subsequently appealed those decisions to the U.S. Court of Appeals for the Third Circuit and those appeals remain pending.  *See* USCA Case Nos. 26-1450 and 26-1616.

pursuant to 8 U.S.C. § 1231(b)(3). (Docket No. 1).  ICE then sought to remove Petitioner to Mexico and a Third Country Screening Notice, dated January 15, 2026, indicates that Petitioner did not establish that it is more likely than not that he will be persecuted or tortured in Mexico. (*Id.*).  A Notice of Removal to Mexico was issued on January 9, 2026.  (*Id.*).  On February 10, 2026, Petitioner filed with the Third Circuit a petition for review ("PFR") of the negative fear screening determination to Mexico. On April 13, 2026, the Third Circuit granted Petitioner's motion to stay removal. (*Molina-Vargas v. Att'y Gen.*, No. 26-1293 (3d Cir.), Dkt. 23). The Third Circuit stayed further consideration pending a decision of four other matters, *i.e.*, Third Circuit Nos. 25-2358, 25-2415, 25-2424, and 1st Circuit No. 26-1212.   Petitioner also filed an appeal to the Board of Immigration Appeals ("BIA") on May 11, 2026.  (Docket No. 1). Separately, Petitioner appealed from decisions pertaining to his first habeas petition previously filed in this District.

II.     DISCUSSION

The threshold question here is whether Petitioner is detained pursuant to 8 U.S.C. § 1226 or 8 U.S.C. §1231. Petitioner contends that he is being detained pursuant to 8 U.S.C. § 1231 post-order of removal and should be released pursuant to an analysis under *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020). The Government contends he is being detained pursuant to 8 U.S.C. § 1226 (a) or (b) because the Third Circuit has stayed his removal and therefore he is subject to continued detention pursuant to *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274 (3d Cir. 2018).  The Court agrees with the Government. *See Leslie v. Attorney Gen. of U.S.*, 678 F.3d 265, 270 (3d Cir. 2012) (holding that §1226 governs detention during a stay of removal).  Accordingly, this Court shall evaluate the Petition in accord with *Borbot*

rather than *Zadvydas* (applicable to post-order of removal detention)[2] or *German Santos* (applicable to detention of aliens with specified criminal records detained pursuant to §1226(c)).[3]

*Borbot* provides:

> Section 1226(a) provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). The relevant implementing regulations state that a detainee under § 1226(a) may be released on bond by ICE or by an immigration judge (IJ) if the detainee "demonstrate[s] ... that such release would not pose a danger to property or persons, and that [he] is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). If denied release at the initial bond hearing, a § 1226(a) detainee may request a custody redetermination hearing before an IJ. Id. § 236.1(d)(1). That request will "be considered only upon a showing that the alien's circumstances have changed materially." *Id*. § 1003.19(e). Both the initial bond determination and subsequent custody decisions can be appealed to the Board of Immigration Appeals (BIA). Id. § 236.1(d)(3).

---

[2]    Petitioner continues to engage in litigation concerning removal so the removal period under *Zadvydas* is tolled pursuant to 8 U.S.C. § 1231(a)(1)(C).

[3]    Petitioner avers without contradiction that he does not have a criminal record so §1226(c) does not apply here. Even so, this Court alternatively and provisionally applies the *German Santos* factors and concludes that Petitioner's ongoing detention is not unlawful currently. Under *German Santos* and its progeny, Section 1226(c) does not expressly limit the length of detention while removal proceedings are ongoing. And while the Supreme Court has held that mandatory detention under § 1226(c) is not facially unconstitutional, *see Denmore v. Kim,* 538 U.S. 510, 531 (2003), noncitizens detained under § 1226(c) may bring as-applied challenges to the constitutionality of their detention. *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 433 (3d Cir. 2026) ("[I]mmigrants detained under § 1226(c) may bring as-applied challenges to the constitutionality of their detentions. The longer they are detained without bond hearings, the more likely their detention abridges the liberty secured by the Due Process Clause.") (Internal citations omitted). Courts in this Circuit apply a non-exhaustive list of four factors to assess whether a noncitizen's detention has become unreasonable: 1) the duration of detention; 2) whether the detention is likely to continue; 3) the reasons for the delay; and 4) whether the conditions of confinement are meaningfully different from criminal confinement. 965 F.3d at 211. If the Court finds the noncitizen's detention has become unreasonable under these factors, due process entitles the noncitizen to a bond hearing where the government bears the burden of demonstrating, by clear and convincing evidence, that continued detention is justified. *Id*. at 213. Here, the length of detention is not unreasonable. *See e.g.*, *Espinosa-Almonte v. Sabol*, No. 12-2514, 2018 WL 3894861, at *10 (M.D. Pa. July 26, 2013) (holding 21-month detention not "unduly prolonged" or "excessive"); *Crooks v. Lowe*, No. 18-47, 2018 WL 6649945, at *6 (M.D. Pa. Dec. 19, 2018) (denying bond hearing for petitioner who had been detained for 18 months because "his case ha[d] proceeded through the removal process at a reasonable pace and there [was] no indication in the record that the government ha[d] improperly or unreasonably delayed the proceedings."). Moreover, while detention is likely to continue, the status quo is based principally upon the Petitioner's successful request that the Third Circuit stay his removal pending further adjudication. Moreover, there is no indication in the present record concerning the nature of conditions of confinement necessary to evaluate that factor.

906 F.3d at 275.  Moreover, the BIA's decision to detain or release an arrested alien on bond is discretionary and generally is not subject to judicial review.  *See* 8 U.S.C. § 1226(e) (providing that the Attorney General's discretionary judgment regarding the application of § 1226 shall not be subject to review and stating that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole").

Here, Petitioner asserts that he never had a bond hearing (*see* Docket No. 6, at p. 6), but neither Petitioner nor the Government inform this Court whether Petitioner ever even requested such a hearing.  Consequently, Petitioner has failed to demonstrate that he was denied a bond hearing or that requesting one would be futile here. The usual circumstance for finding futility is because the Government uniformly contends at present that no bond hearing is required in certain situations pursuant to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). Such is not the case here where the Government contends that detention is appropriate pursuant to § 1226, not §1225(b)(2) in which *Hurtado* would apply.

If, however, Petitioner had requested a hearing and was denied bond, that decision would be appealable to the BIA. *See* 8 C.F.R. §§ 1003.1(b)(7), 1003.19(f).  Moreover, "various provisions of the [Immigration and Nationality Act ("INA")] limit an alien's ability to collaterally attack (challenge) ongoing immigration proceedings through habeas." *Khalil v. President, United States*, 164 F.4th 259, 273 (3d Cir. 2026) (*per curiam*).  Notably, 8 U.S.C. § 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of

> such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9); *see also* 8 U.S.C. § 1226(e). These statutory provisions "strip[] the District Court of jurisdiction" and require the alien to "wait to raise his claims until he files a petition for review (PFR) of a final order of removal." *Khalil*, 164 F.4th at 273 (indicating that detention is an "'action taken' as a part of . . . removal proceedings," and applying § 1252(b)(9) to conclude that legal challenges to both removal and detention pending removal proceedings "arise from" that action or proceeding and are inextricably linked to it such that these challenges may be reviewed meaningfully on a PFR). Moreover, to the extent Petitioner seeks judicial review of questions of law and fact inextricably linked to and arising from an action taken or proceeding brought to remove Petitioner from the United States, including the application of the Due Process Clause to the regulatorily established process applied by the immigration judge at a bond hearing afforded pursuant to Section 1226(a), such challenge must be adjudicated first by the BIA and then pursuant to petition for review (PFR) of a final order of removal. *Khalil*, 164 F.4th at 273.

III.    CONCLUSION

Petitioner Jose Javier Molina-Vargas' Petition for Writ of Habeas Corpus is denied.

Accordingly, the Court enters the following Order:

AND NOW, this 4th day of August, 2026, IT IS HEREBY ORDERED that Jose Javier

Molina-Vargas's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 is DENIED.

The Clerk of Court shall mark this case closed.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record